UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| PRIME FINISH, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> and ) <br> ) <br> CAMEO, LLC, ) <br> ) <br> Intervenor Plaintiff, ) <br> ) <br> V. ) <br> ) <br> ITW DELTAR IPAC, ) <br> ) <br> Defendant. ) | Civil No. 5:08-cv-00438-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

*** *** *** ***

This matter is before the Court as to Intervening Plaintiff Cameo, LLC's Objection to Defendant ITW Deltar IPAC's Witness List. [R. 267.] Specifically, Cameo objects to Steve Spain testifying at trial as a witness for the Defendant ITW. *Id.* at 1. ITW filed an initial Response to Cameo's Objection on October 10, 2019. [R. 281.] At the Final Pretrial Conference held on October 11, 2019, this Court ruled on certain other objections filed in the record but directed counsel to submit supplemental briefing on the present issue. [R. 282.] As directed, ITW has filed a Supplemental Response [R. 283] and Cameo has filed a Reply [R. 284] to ITW's Responses. After reviewing the case law and filings, and for the reasons that follow, the Court finds that Steve Spain should be allowed to testify and **OVERRULES** Plaintiff Cameo's Objection.

# I

In the 2017 trial on this matter, ITW designated Steve Spain as its corporate representative. [*See* R. 281 at 2–3; R. 284 at 2.] Leading up to the upcoming trial, ITW has named a new corporate representative to attend trial, its assistant general counsel John Hayes. [*See* R. 283 at 3.] ITW now lists Mr. Spain only as a potential witness at trial in their Witness List. [R. 259 at 1.]

Cameo objects to Mr. Spain testifying at this trial on three bases. First, Cameo argues that Mr. Spain cannot testify because he was "present for the entire first trial of this matter." [R. 267 at 1.] In support of this assertion, Cameo points to the fact that in the 2017 trial this Court provided, pursuant to Rule 615, that lay witnesses were not allowed to attend any portion of the trial and then later testify. *Id*. Second, Cameo contends that, by proffering Mr. Spain's testimony on corporate affairs and decisions, ITW is impermissibly attempting to have two corporate representatives present at trial. [R. 284 at 1.] Lastly, Cameo argues more broadly that, even if Mr. Spain's testimony is not barred for either of the above reasons, good cause exists to exclude him from testifying, as he may improperly tailor his testimony. *Id.* at 3.

# II

## A

Federal Rule of Evidence 615 governs the exclusion of witnesses from the courtroom. Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . .." This rule serves the twin purposes of (1) preventing witnesses from tailoring testimony to that of other witnesses; and (2) aiding in detecting false testimony. *See United States v. Green*, 305 F.3d 422, 428 (6th Cir. 2002) (citation omitted). Notably, this rule *does not* authorize exclusion of "an officer or employee of a

party which is not a natural person designated as its representative by its attorney . . ..." Fed. R. Evid. 615(b).

In an attempt to exclude Mr. Spain's testimony, Cameo argues that he was covered by the Rule 615 exclusion in the 2017 trial that prevented lay witnesses that attended trial from later testifying. The breadth and inclusiveness of the Rule 615 exclusion in the 2017 trial is a focal point in the parties' respective briefing. [*See* R. 267 at 1; R. 282 at 2–5.] However, given the clear language of Rule 615, it is unnecessary to revisit the specifics of any Rule 615 exclusion. Each party acknowledges that Mr. Spain attended the 2017 trial as ITW's designated corporate representative. [*See* R. 281 at 2; R. 284 at 2.] Thus, necessarily, as Rule 615 explicitly "does not authorize excluding" a designated corporate representative, any Rule 615 exclusion in the 2017 trial would not have applied to Mr. Spain. Fed. R. Evid. 615(b).

Mr. Spain's presence as corporate representative in the 2017 trial is clear in the record. Given the straightforward provisions of Rule 615(b), Cameo did not object to Mr. Spain's presence as the designated corporate representative throughout the 2017 trial. Further, as noted by ITW, counsel for Cameo indicated in open court that he believed Mr. Spain would be testifying. [*See* R. 281 at 3; Trial Transcript, Day 4, 7:1-3.] Given that Mr. Spain was not subject to any Rule 615 exclusion, it is unnecessary to consider whether the Rule 615 exclusion from the 2017 trial would re-apply in a subsequent re-trial. For the above reasons, Cameo's argument that Mr. Spain was subject to Rule 615 exclusion in the 2017 trial and therefore is prohibited from testifying in the upcoming trial is rejected.

**B**

While there is no clear authority on the matter, this Court construes Federal Rule of Evidence 615(b) to in most circumstances allow for only one designated corporate representative

3

at a civil trial. The Sixth Circuit has interpreted Rule 615(b) to limit the government in the criminal context to one designated representative to attend trial. *See United States v. Pulley,* 922 F.2d 1283, 1285–1286 (6th Cir. 1991); *U.S. v. Phibbs*, 999 F.2d 1053, 1072 (6th Cir. 1993). The Court of Appeals reached this conclusion based primarily on the singular phrasing of the exception in 615(b). *Pulley*, 922 F. 2d at 1286 ("'A' representative, like 'a' natural person, 'a' police officer, and 'an' officer or employee, is singular."). As relevant in the present civil case, the plain language of Federal Rule of Evidence 1101(b) provides that each of the Federal Rules of Evidence "apply in civil cases and proceedings" in addition to "criminal cases and proceedings." Fed. R. Evid. 1101(b); *see also James R. Snyder Co. v. Associated Gen. Contractors of Am., Detroit Chapter, Inc.*, 677 F.2d 1111, 1117 (6th Cir. 1982) (citing Fed. R. Evid. 1101(b)) ("Except as constitutional considerations or statutes otherwise require, the same rules apply to civil and criminal cases."). Given the above authority, it is evident that the limitation to one designated representative in the Rule 615(b) context applies to both criminal and civil trials.

Given this limitation, Cameo argues that Mr. Spain cannot testify as he is effectively present and testifying as ITW's corporate representative, when ITW has already named a new corporate representative, assistant counsel John Hayes. [*See* R. 284 at 1–2.] Cameo claims that "[t]he named corporate representative is the only one allowed to be present and testify at the trial of this matter about corporate matters pursuant to FRCP [sic] 615." *Id.* at 2. As a practical matter, ITW notes that Mr. Hayes is not expected to testify as he "had no involvement in the underlying events and is not listed by any party as a witness." [R. 283 at 3.] As such, there is no perceived advantage to ITW in having John Hayes serve as a designated corporate representative in a trial where Mr. Spain is no longer serving as corporate representative but, instead, will be

testifying. Relatedly, Cameo has not provided any convincing policy arguments to support the assertion that an individual should not be allowed to testify at trial solely because they served in a previous trial as corporate representative and have been replaced in that role.

Further, the text of Federal Rule of Evidence 615 does not provide authority for Cameo's assertion. Rule 615 does provide that a witness *shall* be excluded during testimony upon the request of any party, unless the party falls under one of the designated exceptions to exclusion. However, the present objection relates not to Mr. Spain's presence during other witnesses' testimony at the upcoming trial but, instead, whether he can testify at all at trial. [*See* R. 267 ("Cameo, LLC objects to Steve Spain *testifying* at the trial of this matter.").]

ITW has not introduced Mr. Spain as corporate representative in the upcoming trial and does not represent that he will be present throughout trial. Rule 615 does not operate to exclude Mr. Spain's testimony solely because he is testifying about corporate matters when a corporate representative has already been named. For Rule 615 to apply to prevent Mr. Spain from testifying, Cameo would first need to show that he has violated a Rule 615 exclusion order by attempting to attend trial as a second corporate representative for ITW. Cameo has failed to make any such showing.

## C

Cameo also argues more broadly that, even if Rule 615 does not bar Mr. Spain from testifying, good cause exists to exclude him from testifying in the upcoming trial. [R. 284.] At base, Cameo's concern is that Mr. Spain's presence throughout the 2017 trial will allow Mr. Spain to tailor any testimony in the upcoming trial to that of previous witnesses. [*See* R. 267 at 1; R. 284 at 3.] Indeed, it would be cause for concern if it were apparent that ITW was attempting to gain an advantage by switching out corporate representatives between trials.

5

However, there is nothing on the record to suggest that ITW is engaging in underhanded schemes in order that Mr. Spain may improperly tailor his testimony. ITW listed Mr. Spain as a potential witness in the 2017 trial. [R. 149 at 1.] And the record is clear Cameo was aware of Mr. Spain's presence throughout the 2017 trial and of the understanding that Mr. Spain was testifying. [*See* R. 281 at 3; Trial Transcript, Day 4, 7:1-3.] In short, it is not clear why the potential for Mr. Spain tailoring his testimony is any different in the upcoming trial than it was in the 2017 trial which he attended.

As ITW points out, Cameo also had a corporate representative present at the 2017 trial who is expected to be called as a fact witness in the upcoming trial, Mr. Herbert-Jones. [R. 281 at 1; R. 283 at 3; R. 256 at 2.] However, Cameo's briefing does nothing to demonstrate why it would be unfair to allow Mr. Spain to testify and yet fair to allow Mr. Herbert-Jones to testify. The key difference of course is that Mr. Herbert-Jones testified at the 2017 trial and Mr. Spain did not. It could be argued that, unlike Mr. Herbert-Jones, Mr. Spain can now tailor his testimony without concern for consistency with any of his own prior testimony. The potential concern for tailoring by Mr. Spain is alleviated in large part by the fact that Cameo deposed Mr. Spain before the 2017 trial. Additionally, if Mr. Spain's testimony is offered by ITW in the upcoming trial, Cameo will certainly have the opportunity to cross-examine him as a live witness.

### III

The only potential for prejudice the Court envisions is to ITW if it is precluded from offering Mr. Spain's affirmative testimony at trial for no other reason than his attendance at the first trial, which was agreed to by the parties. Such a result is not required by Federal Rule of

Evidence 615 and Cameo has not made a sufficient showing that good cause exists otherwise to exclude Mr. Spain from testifying at the upcoming trial.

Accordingly, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows: Intervening Plaintiff Cameo's Objection to Defendant's Witness List [**R. 267**] is **OVERRULED**, consistent with this opinion.

This the 18th day of October, 2019.

Gregory F. Van Tatenhove
United States District Judge